C. B. PHILLIPS AND WIFE, CARRIE V. PHILLIPS, v. IDEAL
MERCERIZING COMPANY.

(Filed 10 January, 1934.)

**Corporations D e—Contract of solvent corporation to purchase its stock
is valid.**

A solvent corporation entered into a contract to purchase a certain
number of shares of its capital stock from a stockholder. The stockholder
delivered part of the stock, and the parties agreed that if the remainder
were not delivered within a specified time the corporation's damages
resulting from the breach should be entered as a credit on the balance
due on the stock purchased. The stockholder failed to ' deliver the re-
mainder of the stock within the time prescribed and action was brought
to assess damages for such failure. *Held*, the contract was valid, *Fuller
v. Service Stores*, 190 N. C., 655, involving an attempt to enforce such
contract against an insolvent corporation, not being applicable to this
case, and the corporation was entitled to a credit for the amount of
damages assessed by the jury.

APPEAL by defendant from *Devin, J.*, at September Term, 1933, of
ALAMANCE. No error.

On 18 April, 1932, the plaintiffs entered into a contract, in writing,
by which they sold and agreed to deliver to the defendant, 400 shares
of the capital stock of the defendant corporation, which the plaintiff
then owned. The defendant paid to the plaintiffs on the purchase price
for said shares of stock the sum of $2,500, in cash, and agreed to pay
the balance, to wit: $5,000, in monthly installments as set out in the
contract. At the date of this contract, the plaintiffs delivered to the
defendant certificates for 350 shares of said stock.

Thereafter, on 27 April, 1932, the plaintiffs notified the defendant
that they were unable to deliver to the defendant certificates for the
remaining 50 shares of said stock, for the reason that said certificates
were then held by a bank as collateral security for an indebtedness to
said bank on which the plaintiffs were liable. It was thereupon agreed,
in writing, by and between the plaintiffs and the defendant .that if the
plaintiffs should fail to redeem the said certificates, and deliver · the
same to the defendant, within 60 days, in accordance with their contract
dated 18 April, 1932, the defendant should have the right to retain
the amount of the damages which the defendant had sustained by the
breach of their contract by the plaintiff, with respect to the said 50
shares of stock, and that said amount should be applied as a credit on
the balance due by defendant to the plaintiffs under the contract dated
18 April, 1932. The plaintiffs have failed to redeem said certificates, and
have thereby breached their contract to deliver to the defendant 400
shares of its stock.

CHADWICK *v.* O'BRYAN.

This action was instituted by plaintiffs to have the amount of damages which the defendant has sustained by the breach of their contracts by the plaintiff, assessed, to the end that said amount may be applied as a credit on the balance due by defendant to the plaintiff under the contract dated 18 April, 1932.

At the trial, in response to issues submitted by the court, the jury assessed the damages which defendant is entitled to recover of the plaintiffs, for the breach of their contracts, at $1,500. Judgment was thereupon rendered that plaintiffs recover of the defendant the sum of $3,500, and the costs of the action. The defendant appealed to the Supreme Court.

*John S. Thomas and John J. Henderson for plaintiffs.*
*Long & Long for defendant.*

PER CURIAM. An examination of the record in this appeal fails to disclose any error in the trial of this action in the Superior Court. The judgment is, therefore, affirmed.

*Fuller v. Service Co.,* 190 N. C., 655, 130 S. E., 545, in which the validity of contracts by which corporations, which have become insolvent, have agreed to purchase from stockholders shares of their stock, which the said stockholders had purchased in reliance upon such contracts, is discussed, has no application to the instant case. No facts are alleged in the pleadings or shown by the evidence at the trial of this action, upon which it could be held that the contracts between the plaintiffs and the defendant are void. The contracts are valid, and the only matter in controversy between the parties is the amount of damages which the defendant is entitled to recover of the plaintiffs, for the admitted breach of their contracts. This amount was assessed by the jury at the trial, which is free of error, at $1,500.

No error.